IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JACK B CUNNINGHAM,<br>　　　　*Plaintiff* | §<br>§<br>§ | |
| -vs- | §<br>§ | SA-23-CV-00299-XR |
| COMMISSIONER OF SOCIAL<br>SECURITY,<br>　　　　*Defendant* | §<br>§<br>§<br>§ | |

## ORDER ON REPORT AND RECOMMENDATION

On this date the Court considered United States Magistrate Judge Elizabeth S. Chestney's report and recommendation ("recommendation") in the above-numbered and styled case, filed February 1, 2024 (ECF No. 18). On February 15, 2024, Plaintiff filed objections to that recommendation (ECF No. 20). After careful consideration, the Court **ADOPTS** the Magistrate Judge's recommendation (ECF No. 18).

## BACKGROUND

Plaintiff Jack B. Cunningham initiated this action on March 10, 2023, challenging the administrative denial of his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("the Act"), respectively. 42 U.S.C. §§ 405(g), 1383(c)(3). Through this action, Plaintiff seeks to appeal the decision of an Administrative Law Judge ("ALJ") holding that "Plaintiff is not prevented from engaging in any substantial gainful activity for any continuous period which lasted or could be expected to last for at least twelve months, and that Plaintiff was not under a 'Disability' as defined by the Social Security Act, as amended." ECF No. 4 ¶ 1.

Upon filing, this case was referred to the Magistrate Judge for a recommendation. Thereafter, the parties fully briefed this issue for the Magistrate Judge. ECF Nos. 11, 12, 13. Upon review of these briefs as well as "the other pleadings on file, the applicable case authority and relevant statutory and regulatory provisions, the arguments of counsel at the hearing, and the entire record in this matter," the Magistrate Judge concluded that "the Commissioner did not commit any reversible error in the underlying administrative proceedings and that substantial evidence supports the Commissioner's decision denying DIB and SSI." ECF No. 18 at 1. Thus, the Magistrate Judge recommended affirming the Commissioner's decision. *Id.* at 2.

However, Plaintiff now objects to the Magistrate Judge's recommendation, arguing that "the ALJ failed to consider the results of a functional capacity evaluation (FCE) performed April 20, 2021; and that the ALJ committed *Ripley* error by substituting her own medical judgment for the opinions of the treating orthopedic specialist, the treating primary care physician, and the treating chiropractor." ECF No. 20 at 1 (citations omitted).

## DISCUSSION

### I. Legal Standard

A party may serve and file objections to a Report and Recommendations within fourteen days. FED. R. CIV. P. 72(a), (b)(2). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive [sic] or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996). Further, "objections that simply rehash or mirror the underlying claims addressed in the report are not sufficient to entitle the party to *de novo* review." *Chapa v. Comm'r, SSA*, No. 4:20-CV-901-SDJ, 2022 WL 12365833, at *1 (E.D. Tex. Oct. 21, 2022) (first citing *Mark v. Spears*, No. 6:18-CV-

309, 2022 WL 363586, at *1 (E.D. Tex. Feb. 7, 2022); and then *Nickelson v. Warden*, No. 1:11-CV-334, 2012 WL 700827, at *4 (S.D. Ohio Mar. 1, 2012); and then *United States v. Morales-Castro*, 947 F.Supp.2d 166, 171 (D.P.R. 2013)).

Courts must review *de novo* any of the Magistrate Judge's conclusions to which a party has specifically objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Any sections that were not clearly objected to are reviewed for clear error to determine whether they are contrary to law. *Id.*; *see also United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989).

## II.     Analysis

Here, though Plaintiff has filed objections to the Magistrate Judge's recommendation, Plaintiff fails to specifically object to any findings made by the Magistrate Judge. *See generally* ECF No. 20. Instead, Plaintiff's objections simply rehash those arguments already made to the Magistrate Judge. *See generally id.* As such, Plaintiff's objections do not entitle to him to *de novo* review. *See Chapa*, 2022 WL 12365833, at *1. Thus, the Court will review the recommendation for clear error. Upon review, the Court finds the Magistrate Judge's recommendation to be neither clearly erroneous nor contrary to law. *Wilson*, 864 F.2d at 1221.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's recommendation (ECF No. 18) and the ALJ's decision finding Mr. Cunningham not disabled is **AFFIRMED**. A final judgment will follow.

It is so **ORDERED**.

**SIGNED** this 20th day of February, 2024.

                                                    _____
                                                    XAVIER RODRIGUEZ
                                                    UNITED STATES DISTRICT JUDGE